Ernest F. Evans, Plaintiff in Error,

*v.*

State of Tennessee, Defendant in Error.

400 S.W.2d 536.

(*Knoxville,* September Term, 1965.)

Opinion filed March 9, 1966.

SCHOOLFIELD & TAYLOR, and ROBERT H. FEENEY, Chattanooga, for plaintiff-in-error.

GEORGE F. McCANLESS, Attorney General, and THOMAS E. Fox, Assistant Attorney General, for defendant-in-error.

MR. JUSTICE CRESON delivered the opinion of the Court.

This appeal comes from the Criminal Court of Hamilton County, Tennessee. The parties will be referred to as

they appeared in the trial court; that is, plaintiff in error, Ernest F. Evans, as defendant, and defendant in error as the State.

The defendant was stopped by police while riding in a car with Frances Jenkins. The police, prior to stopping the defendant, had been staked out watching a car which they suspected was stolen. The defendant, one Ray Burnett, and the aforementioned Frances Jenkins, left the lady's residence. Ray Burnett got into the car, which the police suspected was stolen, while the defendant and Frances Jenkins got into another car, which belonged to her. The police attempted to stop and apprehend the Burnett boy, but he abandoned the car and fled on foot. They then stopped the automobile in which defendant and Frances Jenkins were riding and took both back to the Jenkins' residence, where they were questioned.

The defendant was then taken to the Chattanooga Police Station and booked on the charge of vagrancy and investigation, at approximately 12:30 A.M., on December 2, 1964. At 8:30 A.M., on that same date, the defendant was taken before Judge Riley Graham, City Judge of Chattanooga, Tennessee, whereupon a warrant was signed by said Judge charging the defendant with the offense of vagrancy. At approximately 12:00 Noon on December 2, 1964, the police began interrogating the defendant concerning his involvement in certain automobile thefts that had occurred in the past, in the Chattanoog area. At approximately 5:30 P.M. on December 2, 1964, the police obtained a signed confession from the defendant, wherein he admitted being involved in the theft of the automobile involved in this case. On December 3, 1964, the defendant was again taken before Judge Riley Graham and charged with burglary and/or larceny,

and the vagrancy charge was dismissed. Defendant was indicted for the aforementioned crime on January 13, 1965. On April 2, 1965, the defendant filed a motion to suppress the statement made by defendant on December 2, 1964. Hearings were held on this motion on April 5, 1965, and on April 12, 1965. On April 19, 1965, an order was entered overruling defendant's motion to suppress. Defendant was tried on June 9, 1965. The jury found the defendant guilty and fixed the defendant's punishment at not more than three years in the State Penitentiary. The trial court entered judgment in accordance with the jury verdict. The defendant filed a motion for new trial on June 21, 1965, and said motion for a new trial was overruled on July 9, 1965. Defendant thereafter perfected an appeal to this Court.

The defendant's Assignment of Error is as follows:

"The Trial Court committed reversible error in overruling the defendant's motion to suppress, and in admitting into evidence over the objection of the defendant's attorneys an extra-judicial statement made by the defendant, amounting to a confession, because of the manner and procedures by which the police officers obtained the statement, and which amounted to a denial of due process of law under the Fourteenth Amendment of the Federal Constitution."

In support of this Assignment of Error, the defendant argues that he was denied due process because of (1) "The failure to advise defendant of his constitutional rights, including the right of counsel and the right against self-incrimination," and (2) "The incommunicado and illegal detention of the defendant, who was seen only by agents of the state."

█ The defendant's first contention is not supported by the evidence contained in the record in this case. The record contains the testimony of Judge Riley Graham, who was a witness at the hearing on the motion to suppress, that he advised the defendant that he had a right to be represented by an attorney. Officer Merriman testified that he heard Detective Sullivan advise the defendant that defendant had the right to have an attorney and that anything that he put in the statement could be used against defendant in a court of law. Officer Merriman further testified that neither he, nor any other officer, threatened the defendant or made the defendant any promises of leniency or reward for making the statement. Officer Sullivan, himself, testified that he advised the defendant that the defendant had a right to an attorney and that he did not have to make any statement and that any statement defendant made could be used against him in a court of law. He also testified that no threats were made toward the defendant, nor were any promises of leniency or hope of reward made to the defendant. Further, the statement itself contains a statement that the defendant had been advised of his right to an attorney and that defendant did not have to make the statement, and that the statement, if made, might be used against him in a court of law. Thus, defendant's first contention is not supported by the record in this case.

█ It is the well settled law of this State that a confession is admissible in evidence if, under all the facts present in the record, it is freely and voluntarily made. The evidence contained in this record leaves no doubt that this confession was freely and voluntarily made. The defendant, according to uncontradicted testimony and his own signed statement, had been fully advised of his constitutional rights. No type of coercion, physical

or mental, is shown to have been used in obtaining this statement, nor was any promise of leniency or reward made the defendant to obtain the statement. It is true that the defendant was not represented by counsel at the time he made the statement but it is shown that the defendant was adequately advised of his right to counsel and it is not shown that the defendant requested counsel and was refused.

■ Defendant's second contention that he was held illegally and incommunicado is not supported by the evidence contained in the record. The evidence in the record shows that the defendant was allowed to, and did, make a phone call, presumably to his mother. There was no evidence that he requested and was denied the privilege of further phone calls. It is also evidence from the record that the defendant was properly booked and charged for the offense of vagrancy. While the notes of the desk sergeant show the offense with which the defendant was charged to be vagrancy and investigation, the warrant simply shows the charge of vagrancy.

■ The Trial Judge found, in considering defendant's motion to suppress, that there were adequate grounds for the charge of vagrancy. In light of the defendant's refusal to give pertinent information as to his means of support, we cannot say that the trial court erred in so finding. Thus, there is no factual basis for defendant's contention that he was illegally detained or that his detainment was incommunicado.

■ The record in this case factually fails to support defendant's contention that he was denied due process of law. As pointed out earlier, the record shows that the defendant was stopped at about 11:00 P.M., booked about 12:30 A.M., formally charged with the crime of vagrancy

at about 8:30 A.M., at which time he was advised of his right to counsel. Defendant was not seriously interrogated until about 12:00 Noon. Defendant was never physically or mentally abused, nor cajoled by promise of reward or leniency, and was fully advised of all his constitutional rights prior to making the statement in question at about 5:30 P.M. Nothing in this procedure shows a violation of due process. This Court has had before it, many times, the propositions of law and the authorities on pages 5 and 6 of defendant's brief filed here. It will serve no purpose to rediscuss these propositions and authorities, for they have been considered in many opinions of this Court. The facts appearing in this record simply do not invoke such propositions of law on the one hand; and on the other, reflect compliance with all that the cited cases hold to be the law.

Therefore, the judgment of the trial court is affirmed, with costs against the defendant.

.. BURNETT, CHIEF JUSTICE, and WHITE, DYER, and CHATTIN, JUSTICES, concur.